## 47987. ROBINSON et al. v. BASSETT et al.

EVANS, Judge. This case involves an election contest in which the plaintiffs contend that one of the plaintiffs (Democratic nominee) was duly elected over one of the defendants (Republican nominee) to the office of Councilman, Post 10, county-wide government of Columbus, Georgia. The petition alleges numerous illegal acts in the holding of the election and prays for a recount; and if same does not show the Democratic nominee was elected, that a new election be ordered. The election is alleged to have been certified on November 8, 1972, and the petition was filed in Superior Court of Muscogee County on November 14, 1972. A motion to dismiss the complaint was filed, alleging the petition was not filed in the superior court within the five days after the official consolidation in accordance with the law; and after a hearing, the motion to dismiss was granted and plaintiffs appeal. *Held:*

While Code Ann. § 34-1705 (Ga. L. 1964, Ex. Sess., pp. 26, 179; 1969, pp. 329, 348) *does require* the petition contesting the election to be filed "within five days after the official consolidation," yet plaintiff contends the seven day rule set forth in Code Ann. § 81A-106 (a) (Section 6, CPA; Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230) controls.

But we do not reach this point here. Ga. L. 1971, Ex. Sess., pp. 2007, 2069, creating the county-wide consolidated government of Columbus, Georgia, requires all elections to be conducted in accordance with the provisions of the Georgia Election Code, and not the Municipal Election Code. Hence, in this case we are controlled by the recent case of *Smith v. Nathan,* 127

Ga. App. 610 (194 SE2d 490). The plaintiff failed to serve a copy of the proceedings upon the State Election Board and thus failed to comply with Code Ann. § 34-203 (d), supra. It is, therefore, immaterial as to whether or not the seven day rule or the five day rule would control as to the time limit for filing the election contest petition. A judgment, right for any reason, will be affirmed. *Pappadea v. Clifton,* 96 Ga. App. 115, 120 (99 SE2d 455), and cits.; *South Carolina Ins. Co. v. Glennville Bank,* 111 Ga. App. 174 (2b) (141 SE2d 168).

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED MARCH 6, 1973 — DECIDED APRIL 3, 1973.

*Hugh Nations,* for appellants.

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellees.