## 31742. O'KEEFE v. BRADDOCK et al.

HILL, Justice.

Defendant Braddock filed his Declaration of Candidacy and delivered a check for his qualifying fee to the defendant secretary of the Chatham County Democratic Party Executive Committee before noon on June 9, 1976, the last day for candidates to qualify to run in the Democratic general primary to be held on August 10, 1976. See Code Ann. § 34-1005.

The county Democratic Party executive committee certified the names of those candidates who had qualified with it to run in the general primary. See Code Ann. § 34-1006.

Mr. Braddock's check was returned, after the qualifying deadline, to the treasurer of the county Democratic Party executive committee for insufficient funds. Mr. Braddock made the check good promptly after it was returned, by payment in cash on June 16 or 17 (the exact date being immaterial).

Plaintiff, a Democrat, brought suit against Mr. Braddock, the members of the Chatham County Democratic Executive Committee, the members of the Chatham County Board of Elections (see Ga. L. 1973, p. 3697, as amended Ga. L. 1974, p. 3530) and the Judge of the Probate Court. Plaintiff alleged that defendant Braddock failed to comply in time with the requirement of the Georgia Election Code that candidates pay a qualifying fee (or submit a qualifying petition) at the time of qualifying. Code Ann. §§ 34-1002 (a), 34-1005, 34-1013 (b).

Plaintiff's suit sought to enjoin the defendants from placing the candidate's name on the primary and general election ballots and for declaratory judgment that the candidate has not qualified as a candidate for the primary and general election. The suit was filed August 9, 1976, the day before the primary.

On September 27, 1976, after a hearing, the trial court ruled in favor of the defendants. Plaintiff appeals and this court granted his motion to expedite. We pass the question of mootness insofar as the general primary is concerned in order to consider a matter which affects the

entire proceeding.

As noted, plaintiff seeks to rely upon the Georgia Election Code. Section 34-203 (d) of that Code provides that "Upon any action being filed in any court of this State seeking relief affecting the calling, holding, *conduct, determination, result, tabulation* or *certification* of any election or primary . . . the State Election Board shall be served with a copy of the proceeding, by serving the same on the chairman thereof by mailing a copy to the chairman by certified or registered mail, and a certificate that such service has been made shall be filed by the plaintiff or his attorney." (Emphasis supplied.)

An action seeking to enjoin the placing of a candidate's name upon the ballot is an action seeking relief affecting the conduct, determination, result, etc., of a primary or election.

Although plaintiff's action was one seeking relief affecting the primary and election, there has been no compliance with the notice requirements of Code § 34-203 (d), supra. The omission of the required notice constitutes a fatal defect. *Smith v. Nathan,* 127 Ga. App. 610 (194 SE2d 490) (1972); *Moody v. Carter,* 128 Ga. App. 27 (195 SE2d 204) (1973); *Robinson v. Bassett,* 128 Ga. App. 711, 712 (197 SE2d 799) (1973); *Price v. Cheek,* 130 Ga. App. 506, 507 (203 SE2d 751) (1973).

Code § 34-203 (a) gives the State Election Board the right to intervene as a party in any action seeking mandamus, injunction, or other relief to compel compliance with any election or primary law of this state. Code § 34-203 (d) gives the State Election Board notice of such actions. The right to intervene would be of little use without the notice requirement. Together, the two subsections provide notice and opportunity to be heard. The result should be uniformity of interpretation and application of our election laws throughout the state.

Claims for declaratory judgment should not be immune from the requirements of Code § 34-203 (d) on the basis that a prayer for declaratory judgment standing alone seeks no "relief." We hold that Code § 34-203 (d) is applicable to suits seeking a declaratory judgment as to the calling, holding, conduct, determination, result, tabulation or certification of any election or primary.

No notice of this suit having been given the State Election Board, the trial court did not err in denying the relief sought.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Gunter and Jordan, JJ., who concur in the judgment only.*

SUBMITTED OCTOBER 25, 1976 — DECIDED OCTOBER 29, 1976.

*John R. Calhoun, George M. Hubbard,* for appellant.
*Bouhan, Williams & Levy, John Brennan, Sparkman & Taggert, Tom Taggert, Bruce Howe, Barney Portman, Falligant, Sims & Hunter, W. David Sims,* for appellees.