## 53990. BARGERON et al. v. HILL et al.

BELL, Chief Judge.

This case is an election contest. It was dismissed without hearing the merits as it was determined by the trial court that service on the State Election Board was not "attempted or perfected" by contestants until December 22, 1976, just immediately prior to the regularly scheduled hearing on that date; and therefore, the contestants had not complied with the requirements of Code § 34-203 (d). A certificate of service showing service by certified mail on the chairman of the State Election Board was filed in the trial court on December 22, 1976. *Held:*

1. Code § 34-203 (d) requires that the State Election Board be served with a copy of a proceeding contesting an election "by mailing a copy to the chairman by certified or registered mail, and a certificate that such service has been made shall be filed by the plaintiff or his attorney." The trial court cited *Smith v. Nathan,* 127 Ga. App. 610 (194 SE2d 490) and others which followed the *Smith* case in support of the dismissal. *Smith,* as well as the other cases all concerned the complete absence of any service on the State Election Board and held that the absence of service was a fatal jurisdictional defect. Here, there was service, although it may have been "late service." The statute authorizes service by certified mail and we therefore apply the rule stated in the Civil Practice Act that service by mail when authorized by statute

is complete on mailing. CPA § 5 (b) (Code Ann. § 81A-105(b)). Thus at the time the case was called for hearing the State Election Board had been served. The case of *Schloth v. Smith,* 134 Ga. App. 529 (215 SE2d 292) does not hold, as appellees contend, that service on the State Election Board some nineteen days after filing of the complaint is tantamount to no service. In *Schloth* the contest itself was not filed within five days after official certification (which was not the fact here for there was a timely filing of the complaint), and service of an amendment to the petition on the Election Board some 19 days after final certification was of no avail as the 5-day requirement had not been met in the first instance and the whole proceeding was void from the very beginning. As service in this case was complete on mailing, there was no jurisdictional defect. The trial court erred in dismissing the complaint.

2. The other issues concern the constitutionality of Code § 34-203 (d), which were not raised and decided in the trial court and thus present nothing for decision.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED MAY 23, 1977 — DECIDED JULY 11, 1977 — REHEARING DENIED JULY 28, 1977 —

*Kunes, Kunes & Fleming, G. Gerald Kunes,* for appellants.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellees.