32847. HILL et al. v. BARGERON et al.

MARSHALL, Justice.

We granted certiorari in *Bargeron v. Hill,* 143 Ga. App. 87 (237 SE2d 518) (1977), involving an election contest proceeding filed on December 3, 1976, and coming on for a hearing on December 22, 1976. The question which this case presents for decision is whether service on the Chairman of the State Election Board by mailing a copy of the proceedings to him by certified mail on the date of the hearing constitutes compliance with the notice requirement of Code Ann. § 34-203 (d) (Ga. L. 1964, Ex. Sess., pp. 26, 36). The Court of Appeals held that it does.

We disagree and reverse.

Code Ann. § 34-203 (d) provides that, "Upon any action being filed in any court of this State seeking relief affecting the calling, holding, conduct, determination, result, tabulation or certification of any election or primary, except those instituted by the State Election Board, the State Election Board shall be served with a copy of the proceeding, by serving the same on the chairman thereof by mailing a copy to the chairman by certified or registered mail, and a certificate that such service has been made shall be filed by the plaintiff or his attorney."

It is settled that a complete failure to serve the State Election Board in an election contest proceeding is a fatal defect requiring dismissal of the petition. See, e.g., *O'Keefe v. Braddock,* 237 Ga. 838 (229 SE2d 758) (1976); *Price v. Cheek,* 130 Ga. App. 506 (203 SE2d 751) (1973); *Robinson v. Bassett,* 128 Ga. App. 711 (197 SE2d 799) (1973); *Moody v. Carter,* 128 Ga. App. 27 (195 SE2d 204) (1973); *Smith v. Nathan,* 127 Ga. App. 610 (194 SE2d 490) (1972). However, this is apparently the first case presenting the question of how timely this service must be made. Looking both to the language of Code Ann. § 34-203 (d) and to its purpose, we have determined that service must be more timely than occurred in the present case.

The statute itself provides that the State Election Board shall be served with a copy of the proceedings *upon any action being filed.* Webster's 3d New International Dictionary (1969) defines "upon" as "immediately following on" or "very soon after." Thus, the late or eleventh hour service here would not be in conformity with the express statutory language. Nor would this late service fulfill the purpose for which notice to the State Election Board is given, this purpose being to give the election board an opportunity to intervene in the action, as provided in Code § 34-203 (a). See *O'Keefe v. Braddock,* 237 Ga. 838, supra.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1977 — DECIDED JANUARY 6, 1978.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellants.

*G. Gerald Kunes,* for appellees.

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* amicus curiae.