## 33665. LYDE v. CITY OF BRUNSWICK et al.

HILL, Justice.

This is an election contest. The losing candidate in the election for mayor of the City of Brunswick now appeals from an order dismissing her petition in superior court for failure to serve the State Election Board as required by Code Ann. § 34-203 (d).

1. The plaintiff contends that the State Election Code is not applicable to municipal elections and that Code Ann. § 34-203 (d) thus does not apply here. The provisions of Code Ann. § 34-203 (d) requiring service of election contest proceedings on the State Election Board were made applicable to municipal elections by the provisions contained in Code Ann. § 34A-110 of the Municipal Election Code. See *Collins v. Williams,* 237 Ga. 576 (229 SE2d 388) (1976). Although the election board is not required to be notified when the contest petition is

filed with the municipal governing authority, the board must be served when the case is taken to the superior court. *Collins v. Williams,* supra.

2. The plaintiff argues in the alternative that the requirements of Code Ann. § 34-203 (d) were satisfied. That section provides: "Upon any action being filed in any court of this State seeking relief affecting the . . . result . . . of any election or primary, . . . the State Election Board shall be served with a copy of the proceeding, by serving the same on the chairman thereof by mailing a copy to the chairman by certified or registered mail, and a certificate that such service has been made shall be filed by the plaintiff or his attorney."

Plaintiff contends that service of the appeal by the defendant (the winning candidate appealing the city commission's failure to grant his motion to dismiss) is sufficient notice of the election contest under the statute. We do not agree for the following reasons.

The statute requires that a "copy of the proceeding" be served on the State Election Board. Code Ann. § 34-203 (a), which is also made applicable to municipal elections by Code Ann. § 34A-110, gives the board the right to intervene in municipal election contests; the decision whether to exercise that right requires that the board be aware of the nature of the proceedings. *Hill v. Bargeron,* 240 Ga. 490, 491 (241 SE2d 251) (1978); *O'Keefe v. Braddock,* 237 Ga. 838, 839 (229 SE2d 758) (1976).

Apart from the right of the State Election Board to intervene, the board must also be aware of problems encountered in elections and election contests in order that it may properly perform its duties under Code Ann. § 34-202. Copies of proceedings are necessary to assist the board in promulgating rules and regulations, in publishing and distributing explanatory pamphlets interpreting the election laws, in conducting investigations where necessary, and in making recommendations to the General Assembly. See Code Ann. § 34-202. The board has these same duties as to municipal primaries and elections. Code Ann. § 34A-110. Thus, the board needs "a copy of the proceedings."

Plaintiff also argues that the record will show that the chairman of the election board does have a copy of the

petition filed in court. Plaintiff quotes from a letter from the Honorable Ben Fortson, Secretary of State and Chairman of the State Election Board, as follows: "We do find on file a copy of an appeal to the Superior Court filed by the attorneys." The record shows that the quoted sentence is incomplete and that to complete the sentence the words "representing the defendant" should be added after the word "attorneys." The letter clearly has reference to the defendant's appeal because it also states that no copy of the plaintiff's petition was filed with Mr. Fortson.

Thus, the record shows that the plaintiff did not serve the Chairman of the State Election Board with a copy of the proceeding in the election contest as required by statute. Therefore the trial court properly granted defendants' motion to dismiss. *Hill v. Bargeron,* supra; *O'Keefe v. Braddock,* supra; *Moody v. Carter,* 128 Ga. App. 27 (195 SE2d 204) (1973).

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED JULY 6, 1978.

*Douglass & Young, Ronald W. Young,* for appellant.
*Evelyn Highsmith, Jack S. Hutto, Bernard Nightingale,* for appellees.