## 33753. McLEAN v. McLEAN.

BOWLES, Justice.

The parties to this case were divorced by final judgment and decree of the Superior Court of Fulton County, Georgia on September 5, 1974. The divorce decree provided in part that the husband pay to the wife the sum of $21,000 for the support, maintenance and/or education of two natural children of the wife, who had been adopted by the husband following their marriage. The final decree incorporated therein the terms and provisions of a contract executed by the parties prior thereto which provided for that sum of money to be paid over a period of months ending February 1, 1978, and further provided that the wife have sole custody of these children. The husband waived all visitation rights with respect to the children. Additionally, the wife assumed

and agreed "to provide and pay all support, maintenance and education costs and expenses of the wife's children from and after the date of this agreement until such time as no person has any legal obligation to provide any such support, maintenance or education for any of the wife's children."

The trial court found, as a matter of fact, that the wife had her own separate funds and estate sufficient to furnish adequate support, maintenance and/or education for herself and her natural children and provided in the final decree that the husband would not be obligated or required to pay or furnish alimony or support for defendant or said natural children of defendant except as previously set forth in the decree.

More than three years after the decree was entered, the wife filed a motion to set aside that portion of the decree which purported to terminate child support payments on February 1, 1978, alleging the same to be a date prior to the time the children involved attained the age of majority. The trial court denied the wife's motion to set aside the judgment on each and every ground, concluding that the judgment was not void on its face and that the case of *Newsome v. Newsome,* 232 Ga. 49 (205 SE2d 291) (1974) controlled.

We affirm.

1. A judgment correct for any reason will be affirmed. *Murrey v. Specialty Underwriters, Inc.,* 233 Ga. 804 (213 SE2d 668) (1975). See also *Robinson v. Bassett,* 128 Ga. App. 711 (197 SE2d 799) (1974) and *South Carolina Ins. Co. v. Glenville Bank,* 111 Ga. App. 174 (141 SE2d 168) (1965).

2. Section 60 of the Georgia Civil Practice Act, Code Ann. § 81A-160, governs actions for relief from judgments not void on their face. Paragraph (f) of Section 60 provides time limitations for such actions as follows: "Reasonable notice shall be afforded the parties on all motions. Relief in equity must proceed by complaint and summons. A judgment void because of lack of jurisdiction of the person or subject-matter may be attacked at any time. Motions for new trial must be brought within the time now or hereafter prescribed by law. In all other instances, all motions, complaints or other proceedings to set aside or

attack judgments shall be brought within three years from the entry of the judgment complained of."

The decree of divorce and alimony complained of is not void on its face. See *Wasden v. Rusco Industries, Inc.,* 233 Ga. 439 (211 SE2d 733) (1975). The motion does not seek to set the judgment aside because of lack of jurisdiction of the person or the subject matter. With this, the motion to set aside the judgment was not timely filed, and is barred by the provisions of Code Ann. § 81A-160(f). *Johnson v. Johnson,* 230 Ga. 204 (196 SE2d 394) (1973). See also *Shoemaker v. Dept. of Transportation,* 240 Ga. 573 (241 SE2d 820) (1978). In reaching this result we do not preclude nor pass upon any rights the mother may have to modify the judgment under Code Ann. § 30-220 et seq., nor do we consider the further obligation of the father to support his children under Code Ann. § 74-105. See *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972).

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs specially.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 6, 1978.

*Stephen A. Land,* for appellant.
*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon, John G. Parker,* for appellee.