65720. KAPLAN et al. v. KROSCO, INC. et al.

McMURRAY, Presiding Judge.

This is a suit on two promissory notes. The plaintiffs and defendants filed their motions for summary judgment, and upon consideration thereof, the trial court granted plaintiffs' motion and denied the motion of defendants. Defendants appeal. *Held:*

1. The trial court's order on the opposing motions for summary judgment clearly indicates that the court has purported to make applicable to the case sub judice an order entered in a separate declaratory judgment action arising from the same transaction as the case sub judice. See *Newton v. K. B. Property Mgt. of Ga.,* 166 Ga. App. 901 (—— SE2d ——). The summary judgment in the case sub judice being predicated upon an order in that declaratory judgment action and no evidence appearing in the record of the case sub judice in support of the plaintiffs' motion for summary judgment we must infer that the trial court has taken judicial notice of the evidence presented in the declaratory judgment action.

As there appears to be no order pursuant to OCGA § 9-11-42 (a) (formerly Code Ann. § 81A-142 (a) (Ga. L. 1966, pp. 609, 654)) for the consolidation of the case sub judice with the declaratory judgment action, the trial court erred in taking judicial notice of the evidence presented in the declaratory judgment action. "In the trial of a case in

the superior court the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court." *Altman v. Fla.-Ga. Tractor Co.,* 217 Ga. 292, 293 (3) (122 SE2d 88). See also *Global Assocs. v. Pan American Communications,* 163 Ga. App. 274, 275 (1 (a)) (293 SE2d 481); *Boston Ins. Co. v. Barnes,* 120 Ga. App. 585 (1), 587 (171 SE2d 626).

2. "The movant for summary judgment has the burden of showing the absence of any genuine issues of material facts which under applicable principles of substantive law entitle him to a judgment as a matter of law. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416 (160 SE2d 633)." *Romanik v. Buitrago,* 153 Ga. App. 886, 888 (267 SE2d 301). Defendants' answer presents contested issues of facts which, due to the absence of any evidence being presented in support of plaintiffs' motion for summary judgment, remain for determination. See OCGA § 9-11-56 (e) (formerly Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)). The trial court erred in granting plaintiffs' motion for summary judgment.

3. Although affidavits are presented in support of defendants' motion for summary judgment (and opposition to plaintiffs' motion for summary judgment), these affidavits of defendants Kaplan and Newton are not alone sufficient to pierce the allegations of plaintiffs' complaint. See *Lang v. Federated Dept. Stores,* 161 Ga. App. 760, 761 (1) (287 SE2d 729). It is clear from their brief that defendants rely heavily upon evidence which is not contained in the record of the case sub judice. The trial court did not err in denying defendants' motion for summary judgment.

*Judgment affirmed in part and reversed in part. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1983.

*Andrew R. Kirschner,* for appellants.
*John C. Porter, Jr., Harmon W. Caldwell, Jr.,* for appellees.