67109. MALLOY v. CAULEY et al.

SOGNIER, Judge.

Elizabeth Malloy sued Leroy Cauley and Tommie C. White for damages after she was bitten by Cauley's dog. White owned and lived in the same house as Cauley, who was his tenant. White filed a motion for summary judgment supported by an affidavit in which he stated he was not the owner of the dog and had no responsibilities for maintaining or controlling the dog. Three days before the hearing on the motion, Malloy filed an affidavit stating, inter alia, that she did not know who owned the dog but did know that White kept, maintained and controlled the dog on the day she was bitten; that White exercised voice control over the dog and failed to keep the dog from attacking her on the date in question; and that White knew that the dog had bitten another newspaper carrier (Malloy was a carrier) and had attacked the mailman on several occasions. The trial court denied White's motion for summary judgment.

White subsequently filed a motion for reconsideration of his motion for summary judgment and for sanctions under OCGA § 9-11-56 (g) (Code Ann. § 81A-156) and contempt, alleging that Malloy had admitted in a deposition taken subsequent to the court's

denial of the summary judgment motion, that statements in her affidavit either were not true or were not based upon personal knowledge. White also moved to strike Malloy's affidavit. The trial court found that Malloy's affidavit was filed in bad faith and for purposes of delay, ordered the affidavit stricken, granted White's motion for summary judgment nunc pro tunc, and ordered Malloy to pay attorney fees and expenses incurred by White since the court's initial denial of his motion for summary judgment. The court reserved the issue of contempt. Malloy appeals.

1. Appellant contends that the trial court erred by finding her affidavit was presented in bad faith and for purposes of delay, striking the affidavit, and imposing the sanction of attorney fees and expenses. Appellant argues that her statement that White had exercised voice control over the dog, made despite the fact she had never seen White, was excusable error, even though untrue. Appellant further argues that other statements which were based, not upon personal knowledge, as averred, but upon information given her by others, may have been inadmissable as hearsay but were not given in bad faith.

a. OCGA § 9-11-56 (g) (Code Ann. § 81A-156) authorizes certain sanctions, including reasonable attorney fees and expenses, "[s]hould it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this Code section are presented in bad faith or solely for the purpose of delay. . . ." There is no Georgia authority construing Rule 56 (g). *Hawkins v. Travelers Ins. Co.,* 162 Ga. App. 231, 237 (3) (290 SE2d 348) (1982). Nevertheless, the trial court's action was fully warranted based upon appellant's presentation of an affidavit containing a statement she knew to be false and other statements she knew to be based upon other than personal knowledge. The sanctions imposed did not exceed what is authorized by the statute.

" ' "Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in the absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act." [Cit.]' [Cit.]" *Merrill Lynch &c. v. Echols,* 138 Ga. App. 593, 595 (226 SE2d 742) (1976). We see no reason why this same standard of review should not be applied in a case involving sanctions authorized under another provision of the CPA. No abuse of discretion appears in the record before us, and the trial court did not err in imposing sanctions under OCGA § 9-11-56 (g) (Code Ann. § 81A-156).

b. Further, the trial court did not err in striking appellant's affidavit. "An affidavit in support of a motion must set forth such

facts as would be admissible in evidence [OCGA § 9-11-56 (e) (Code Ann. § 81A-156)], and to the extent that it contains material which would not be admissible in evidence it is subject to a motion to strike." *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 78 (237 SE2d 622) (1977).

2. Appellant contends that the trial court erred by granting summary judgment in favor of appellee because genuine issues of fact existed. Appellant also contends that the trial court erred in not considering appellee's deposition, which was filed after the initial denial of the motion for summary judgment but before the court ruled on the motion the second time.

The trial court was authorized to reconsider appellee's motion for summary judgment which it had earlier denied. "This court has held '[t]hat the prior denial of summary judgment did not foreclose the subsequent grant of summary judgment is manifest in the statutory dictate that an "order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." CPA § 54 (b) [OCGA § 9-11-54 (b) Code Ann. § 81A-154].' *Fierer v. Ashe,* 147 Ga. App. 446 [450] (249 SE2d 270) (1978)." *Graham &c. Co. v. Seaboard &c. R. Co.,* 150 Ga. App. 193, 195 (257 SE2d 321) (1979).

The trial court ruled on the motion for summary judgment nunc pro tunc, and its determination was based only upon the evidence in the record at the time the motion was initially heard. Since appellant's affidavit was stricken, the only evidence remaining was appellee's affidavit to the effect that he did not own or keep the dog. This would have been sufficient to entitle appellee to summary judgment as a matter of law. See *Gordon v. Dawson,* 146 Ga. App. 784 (247 SE2d 596) (1978); *Hays v. Anchors,* 71 Ga. App. 280 (1) (30 SE2d 646) (1944).

However, since the trial court considered the deposition of appellant in making its determinations, we cannot see how it could not have also considered the deposition of appellee. " '[T]he court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record,* as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e). The court must consider the material submitted by both of the parties, of course.' [Cit.]" *Jackson v. Couch Funeral Home,* 131 Ga. App. 695, 696 (206 SE2d 718) (1974). Thus, the trial court erred in not considering appellee's deposition. However, we find that the error was harmless. Had the deposition been considered, it would not have controverted the statements in appellee's affidavit that he neither owned nor maintained the dog. After this fact was established, his knowledge of any vicious

propensities of the dog was immaterial. We find no merit in appellant's argument that White can be held liable under Georgia law as Cauley's landlord.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984.

*Michael E. Garner,* for appellant.
*Luis C. Garcia, Jerry A. Buchanan,* for appellees.