## 76798. MADDOX v. BROWN et al.
(374 SE2d 222)

BEASLEY, Judge.

Defendant Maddox appeals the grant of plaintiff Brown's motion for partial summary judgment. Maddox asserts that the trial court's failure to consider and review both of his two depositions was error.

The Supreme Court in General Motors Corp. v. Walker, 244 Ga. 191, 193 (259 SE2d 449) (1979), held: "A deposition need not be introduced in evidence in order to be considered in ruling upon a motion for summary judgment because the Civil Practice Act only requires that it be on 'file.' . . . If a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered."

Here the order granting the motion, entered February 2, 1988, recited that it was entered "after reviewing all the pleadings, depositions, briefs and after hearing argument by counsel for both parties." However, the trial judge has informed this court that he did not open Maddox's deposition of June 24, 1987, and did not consider it in making his decision. Thus, because the deposition filed December 18, 1987, was not a part of the trial court's deliberations, Walker is specifically not applicable. Ignoring the sealed deposition constituted reversible error because the summary judgment motion implicated the issue of whether Maddox's counterclaim was maintainable, as well as whether his Yost [256 Ga. 92 (344 SE2d 414) (1986)] claim was meritorious. See Anderson v. Matich, 186 Ga. App. 84, 86 (2) (366 SE2d 300) (1988). The judgment must be reversed with direction that the trial court consider it and all pertinent documents and proof before determining whether Brown's motion should be granted.

Judgment reversed with direction. Birdsong, C. J., and Banke, P. J., concur.

*W. Ron Bryan*, for appellant.
*Robert T. Romeo*, for appellees.