### 76655. CALHOUN v. BONE et al.
### 76656. CRAWFORD W. LONG MEMORIAL HOSPITAL v. CALHOUN.
(375 SE2d 871)

BEASLEY, Judge.
This appeal and cross-appeal stem from a renewed medical malpractice action in which the trial court granted summary judgment in favor of defendant physicians, Bone and Guyton, and Crawford W. Long Memorial Hospital. It concluded that plaintiff Calhoun failed to produce expert medical testimony or other evidence in opposition to defendants' motions for summary judgment and that defendants' expert medical evidence therefore prevailed so as to warrant summary judgment.

## Case No. 76655

1. Bone's and Guyton's motions were supported by their own affidavits. The hospital's motion was supported by the expert affidavit of Dr. Leppard, the resident who treated Calhoun. Plaintiff did not file any opposing affidavits or other evidence, expert or otherwise.[1]

Calhoun contends that the trial court erroneously refused to consider the depositions of the defendant doctors and other discovery taken in the predecessor civil action which had been voluntarily dismissed without prejudice.

Calhoun claims that the unconsidered depositions, specifically Bone's, contradicted or disproved the doctors' supporting affidavits and showed they were not based on personal knowledge. She further maintains that the court erred by ruling, in effect, that she could raise an issue of fact only by submitting a contrary opinion of a different expert rather than by disproving the facts on which defendants' affidavits were based, by their own contradictory deposition statements and certain medical records.

Approximately three months before the hearing on defendants' motions for summary judgment, all parties, through their respective counsel, stipulated that all discovery of any type "taken" in the initial action would be considered "applicable to" and "taken" in the refiled action and might be "used to the full extent and in any manner as allowed by Georgia law." Plaintiff did not file the prior discovery in the renewed action, before the ruling on the summary judgment motion. There is a dispute over whether it was filed in the voluntarily dismissed action at, or shortly before, dismissal in open court. On the same day as oral argument in this Court, the trial court, at appellant's request, ordered the transmittal to this Court of a supplemental record in the main appeal consisting of the aforementioned depositions of doctors Bone and Guyton and the certified medical records of plaintiff's personal physician. The order states that permission to open these documents was granted on July 6, 1987, which is the date the order on summary judgment was signed. Appellant cites no authority allowing such action after the appeal is filed. Compare OCGA § 5-6-48 (d) and OCGA § 9-11-60 (g). See *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979).

The documents had been filed in the initial suit in open court on the day the suit was dismissed, or two days before as to the medical records, and were not filed in the renewed action until the day the case was argued here, approximately nine months after plaintiff's no-

---

[1] Both the initial complaint and the renewal action were filed prior to July 1, 1987, the effective date of OCGA § 9-11-9.1, which requires that plaintiff file an expert affidavit along with his malpractice complaint.

tice of appeal was filed.

Although the parties stipulated that discovery in the initial suit might be used in the refiled action, plaintiff did not fulfill her obligation to file the subject depositions and medical records in the record in the present action, as required by OCGA § 9-11-29.1, until after appeal. See *Kaplan v. Krosco, Inc.*, 167 Ga. App. 197 (1) (306 SE2d 88) (1983); *Williams v. Coca-Cola Co.*, 158 Ga. App. 139 (1) (279 SE2d 261) (1981). *Sheffield v. Zilis*, 170 Ga. App. 62, 64 (2) (316 SE2d 493) (1984). The trial court is to make the summary judgment decision on what is "on file." OCGA § 9-11-56 (c).

Even if the medical records and depositions were in fact of record in the present action below, we have only appellant's bare assertion the trial court failed or refused to consider these documents. We would have to assume from the trial court's orders that it *did*. Appellant's assertion is not enough to overcome the legal presumption that the trial court considered the entire record before rendering its decision, though it may not recite so in its order. *Eunice v. Citicorp Homeowners*, 167 Ga. App. 335 (2) (306 SE2d 395) (1983). The court's order recites that "the Plaintiff has failed to produce expert medical testimony or other evidence, in opposition to the Motions for Summary Judgment filed by the Defendants; . . ." This language does not imply that the court either excluded or included the documents in question but merely that plaintiff failed to produce opposing expert medical testimony or other evidence in her favor, which she was required to do once defendants came forward with their supporting expert affidavits piercing plaintiff's allegations. *Hardinger v. Park*, 159 Ga. App. 729 (285 SE2d 212) (1981). Showing internal inconsistencies and contradictions in defendants' expert evidence is not a substitute.

In any event, the documents do not show that the doctors' affidavits were not based upon personal knowledge, as appellant claims. Nor do the depositions contradict the substance of the affidavits so as to raise material issues of fact as to plaintiff's claims of medical negligence and abandonment. See *Miller Grading Contractors v. Ga. Fed. Savings &c. Assn.*, 247 Ga. 730, 733 (3) (279 SE2d 442) (1981). Therefore, summary judgment for defendants was proper.

## Case No. 76656

2. By way of cross-appeal, defendant hospital seeks review of the trial court's alleged oral denial of summary judgment on a second ground advanced, that plaintiff's action was barred by the two-year statute of limitation in OCGA § 9-3-71 (a).

The hospital did not memorialize the ruling by obtaining an order. See *Dunagan v. Sims*, 119 Ga. App. 765, 766 (1) (168 SE2d 914) (1969). Nor does it provide on appeal a transcript of the hearing

which might show the court's ruling. See *McDaniel v. Oliver*, 172 Ga. App. 109, 110 (322 SE2d 1) (1984).

There is another reason the merits of the cross-appeal cannot be reached. It is true that the "denial of a motion for summary judgment may be carried up as a cross appeal to the appeal by the opposite party of the granting of a motion for summary judgment. [Cits.]" *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980). But this is not the situation here. The hospital's motion for summary judgment was granted, not denied, albeit on a basis other than untimeliness of the suit. The issue raised in the cross-appeal is made moot by our determination in Division 1.

" 'A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint.' [Cits.]" *Cooper Motor Lines v. B. C. Truck Lines*, 215 Ga. 195 (1) (109 SE2d 689) (1959).

*Judgment affirmed in Case No. 76655. Appeal dismissed in Case No. 76656. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED NOVEMBER 7, 1988 —
REHEARING DENIED NOVEMBER 29, 1988 — 

*Rubin Law Offices, Robert P. Hoyt*, for Calhoun.

*Allen & Ballard, Hunter S. Allen, Jr., Dennis A. Elisco, Edward D. Flynn III*, for Bone & Guyton.

*Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, T. Jeffery Lehman*, for Crawford Long Hospital.