## A89A1619. BISHOP v. MANGAL BHAI ENTERPRISES, INC.
### (392 SE2d 535)

BEASLEY, Judge.

Bishop appeals the grant of summary judgment to Mangal Bhai Enterprises, Inc., d/b/a Passport Inn, and the denial of his motion for summary judgment. Bishop's motion dealt solely with his status, whether invitee or licensee, which was also at issue in Mangal's motion.

1. Inn owner Patel's deposition was filed of record before the order was entered, although it was not ordered unsealed until later, for delivery to this court. The order granting summary judgment stated that it was entered "after careful review of the record and all briefs and affidavits submitted." The Supreme Court set the policy that: "If a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." *General Motors v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979); *Bailey v. Johnson*, 245 Ga. 823, 829 (6) (268 SE2d 147) (1980). This court follows the same policy. See, e.g., *Light v. Equitable Mtg. &c.*, 191 Ga. App. 816, 817 (1) (383 SE2d 142) (1989); compare *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222) (1988). Even absent such a recital, there is the legal presumption that the trial court considered the entire record before rendering its decision. *Calhoun v. Bone*, 189 Ga. App. 396, 398 (1) (375 SE2d 871) (1988). That case illustrates the awkward problems caused by failure to incorporate into the open record all documents upon which a ruling on summary judgment depends.

The deposition of Bishop, referred to by both parties, could not have been considered by the trial court. It was not filed with the court below and ordered unsealed until after the grant of summary judgment. It may be considered here, however, to determine whether there remains an issue of material fact for determination below. *Miller Grading &c. v. Ga. Fed. &c. Assn.*, 247 Ga. 730, 733 (3) (279 SE2d 442) (1981). To a great extent, summary judgment appeals are de novo reviews because summary judgment rulings are strictly matters of law and are not based at all on findings of fact, made by court or jury, nor on weighing of evidence, nor on credibility of witnesses. Summary judgment rulings are based on undisputed facts.

2. As to the grant of summary judgment to Mangal, the evidence is viewed with all inferences and reasonable doubts in favor of Bishop. *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981). " "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least

one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence (cits.) and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff.' [Cit.]" (Emphasis omitted.) *Waller v. Transworld Imports*, 155 Ga. App. 438, 439 (271 SE2d 1) (1980); *Tolbert v. Tanner*, 180 Ga. App. 441, 444 (2b) (349 SE2d 463) (1986). " 'Summary judgment should be granted only in those cases where . . . undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached.' [Cit.]" *Indian Trail Village v. Smith*, 139 Ga. App. 691, 693 (2) (229 SE2d 508) (1976).

Bishop was manager of the Country Cupboard Restaurant adjacent to the Passport Inn. The restaurant premises were leased from Patel and were connected to the lobby. On March 26, 1987, Hutton was the clerk at the Passport Inn at the Locust Grove exit on I-75. She had been in training for two weeks and had come on duty that night at 10:00 p.m. Bishop came to the lobby to inquire about a package for the restaurant which had been delivered to the motel and signed for by Hutton. After discussing this, Hutton asked Bishop to bring her a soft drink from the restaurant. After 11:00 p.m., a man walked into the lobby and asked for a room. As she turned to get the key, a second man entered the lobby just as Bishop was approaching with the soft drink. The second man directed Bishop to crawl over the counter. As he was doing so, the man, a robber, shot him in the back with a shotgun.

Patel, one of the two stockholders in Mangal, lived on the premises and oversaw the motel business, including hiring all employees. Hutton had asked him what to do in the event of a robbery but had never been given any instructions. She had not been told to lock the front doors to the lobby at night, nor how to use the night window. It had been installed to preclude robbers' access to the lobby after the doors were locked but still allow the transaction of business with customers.

Patel had worked in the motel business since 1983, owning and operating other motels, including the Locust Grove Scottish Inn, before buying the Passport Inn. He knew many motel owners on I-75 and was aware that there had been armed robberies at some of them. The practice in the industry is to lock the lobby at 11:00 p.m. and use the night window to protect against robberies. There had been robberies in 1983 at the Passport Inn when it was a Holiday Inn before Patel bought it, and there had been robberies at the Scottish Inn and Red Carpet Inn in the same area, although Patel disclaimed knowledge of them.

Defendant's motion was premised on Bishop's being a mere licensee at the time of the injury. His status would be determinative of the

standard of care owed him by defendant. An owner/occupier has the duty to an invitee to exercise ordinary care to keep premises safe. OCGA § 51-3-1. As to a licensee, however, there is liability only for wilful or wanton injury. OCGA § 51-3-2.

"The accepted test to determine whether one is an invitee or a licensee is whether the party coming onto the business premises had present business relations with the owner or occupier which would render his presence of mutual benefit to both, or whether his presence was for his own convenience, or was for business with one other than the owner or occupier. [Cits.]" *Savage v. Flagler Co.*, 185 Ga. App. 334, 337 (2) (364 SE2d 52) (1987); *Lee v. Myers*, 189 Ga. App. 87, 88 (1) (374 SE2d 797) (1988).

Plaintiff Bishop's status is an issue of disputed material fact, making denial of *his* motion for summary judgment appropriate. *Phillips v. Lindsey*, 184 Ga. App. 728, 729 (362 SE2d 491) (1987); *North v. Toco Hills*, 160 Ga. App. 116, 117 (286 SE2d 346) (1981). Likewise, it also precludes the grant of summary judgment to defendant on the same issue. Id.

3. Defendant Mangal's motion contained alternative bases. The court's order granting summary judgment does not show the ground upon which it was based and the second ground must be addressed. *Hill v. Century 21 &c.*, 187 Ga. App. 754, 756 (2) (371 SE2d 217) (1988). The other ground was that the intervening criminal act of the robbers was the sole and proximate cause of plaintiff's injuries and that there was no superior knowledge of the owner/occupier shown by prior armed robberies of the premises while owned by him.

" 'It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence.' *Ga. Bowling Enterprises v. Robbins*, 103 Ga. App. 286, 288 (119 SE2d 52) (1961). Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. See *Gallovitch v. Ellis*, 55 Ga. App. 780 (191 SE 384) (1937). 'However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed.' *Warner v. Arnold*, 133 Ga. App. 174, 177 (210 SE2d 350) (1974). See generally Code § 105-401 [OCGA § 51-3-1]." *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592) (1980); *Winkler, Inc. v. Vilston, N.V.*, 172 Ga. App. 686, 687 (324 SE2d 542) (1984).

Patel, an owner, acknowledged awareness of the danger of robbery from motel lobbies and of the night window's purpose, to provide protection to employees and invitees in the lobby. He also was

aware of similar robberies at other motels along I-75 owned by friends.

"It is important to the resolution of this case that it does *not* involve a factual situation wherein, at the time and place of the criminal occurrence, there was a *failure* to provide any security to hotel patrons [and other invitees.] Compare *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755 (272 SE2d 592) (1980); *McCoy v. Gay*, [165 Ga. App. 590, 591 (302 SE2d 130) (1983)]; *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26 (316 SE2d 11) (1984); *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258 (333 SE2d 98) (1985); *Washington Rd. Properties v. Stark*, 178 Ga. App. 180 (342 SE2d 327) (1986). In cases of that type, a showing that the defendant-landowner had prior "knowledge" that the presence of third persons had created a "dangerous condition" for his patrons on a portion of the premises would be necessary, in order to show the existence of even an initial duty on the part of the defendant to provide preventive security measures. Absent the defendant's prior knowledge of the alleged "dangerous condition," there would be no duty to protect patrons against it. See generally *Rhodes v. B. C. Moore & Sons*, 153 Ga. App. 106 (264 SE2d 500) (1980). Absent such a duty, the random unforeseeable criminal act would be the sole proximate cause of the patron's injury and insulate the defendant from liability for his alleged prior act of negligence. See generally *McCoy v. Gay*, supra; *Tolbert v. Captain Joe's Seafood*, supra. In direct contrast, the evidence in the instant case shows that appellant *had* undertaken to provide security to its patrons [and other invitees] using its [lobby]. Accordingly, even assuming that there might otherwise have been no initial duty to provide security to [invitees] such as [appellant], [appellee] having undertaken that very duty, was required to perform it in a non-negligent manner. See *Shirley Cloak &c. Co. v. Arnold*, 92 Ga. App. 885, 892 (90 SE2d 622) (1955); *Mixon v. Dobbs Houses*, 149 Ga. App. 481, 483-484 (254 SE2d 864) (1979); *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 755 (266 SE2d 531) (1980); *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 834-839 (331 SE2d 899) (1985). Thus, it is this duty undertaken by [appellee] to provide security which [appellant] assert[s] was performed in a negligent manner. Compare *McCoy v. Gay*, supra. Construing the evidence most strongly against [appellee] and in favor of [appellant], whether, under the existing circumstances, [appellee] was negligent in its performance of the duty of providing adequate security for its guests [and other invitees] is not an issue which has been eliminated as a jury question. The mere fact that [appellee] had provided *some* form of security would not show, as a matter of law, that any issue as to its negligence has been eliminated. Such security as [appellee] did provide would have to have been adequate and also have been utilized in a non-negligent manner.

On the record before us, the adequacy and non-negligent utilization of [appellee's] security remain as jury issues. 'Questions of negligence will not be decided by the court as a matter of law except in "clear and indisputable" cases. [Cit.]' *Thompson v. Walker*, 162 Ga. App. 292, 293 (290 SE2d 490) (1982). Thus, in view of [the] remaining issue of fact as to [appellee's] negligence with regard to security, the only basis for the grant of summary judgment in favor of [appellee] would be that the intervening criminal act against [appellant] was unforeseeable and insulates it from liability. '(U)nder the circumstances of the instant case (this) would not be unlike (an assertion) that one who negligently inspects a malfunctioning burglar alarm system might not foresee that the probable result would be a successful burglary of the premises.' *Evans Cabinet Corp. v. "Automatic" Sprinkler Corp.*, 167 Ga. App. 502, 506 (306 SE2d 750) (1983)." (Indention omitted.) *Atlanta Center v. Cox*, 178 Ga. App. 184, 185 (341 SE2d 15) (1986) (physical precedent); *Burdine v. Linquist*, 177 Ga. App. 545, 546 (340 SE2d 198) (1986).

Defendant knew of the risk of robbery in a motel lobby late at night. He averred that he had instructed Hutton concerning locking lobby doors and use of the night window which had been installed as a security device and could have averted the robber's entry into the motel. She swore that he had not and that her question of what to do during a robbery had never been answered. Compare *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816, 818 (2) (386 SE2d 415) (1989).

The question of reasonable foreseeability and the statutory duty to exercise reasonable care to protect the plaintiff in the circumstances of this case is for a jury's determination rather than summary adjudication by the court. *Lay v. Munford, Inc.*, 235 Ga. 340, 341 (219 SE2d 416) (1975).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1990 —
REHEARING DENIED MARCH 15, 1990 — ▮

*David H. Fink*, for appellant.
*Savell & Williams, Tash J. Van Dora, Michael Ryder, William S. Goodman*, for appellee.