## A92A1974. TAYLOR v. SCHANDER.
### (428 SE2d 806)

POPE, Chief Judge.

Plaintiff Candace Ann Taylor and defendant Cynthia M. Schander were previously involved in a romantic relationship. This lawsuit arises out of an injury plaintiff sustained on their first date in February 1989. After spending several hours at a bar, the couple returned to defendant's house. Plaintiff was sitting on a kitchen bar stool facing defendant, who was also sitting on a stool. According to plaintiff's account of the incident, the couple commenced kissing. Defendant got up and sat in plaintiff's lap and the couple resumed kissing. Because of a certain movement defendant made with her arms, the stool toppled and both women fell to the floor. Plaintiff alleges she suffered a broken ankle and was disabled from work as a result of the fall. After the couple broke off their relationship, plaintiff filed a complaint against defendant in September 1990, alleging defendant's negligence was the proximate cause of her injuries. The trial court granted defendant's motion for summary judgment and plaintiff appeals.

1. Plaintiff does not assert the fall resulted from the defective condition of the stool or the floor. Plaintiff asserts the fall was caused by defendant's alleged negligence in sitting on her lap and causing the stool to topple over. Plaintiff admits, however, that she consented to defendant's sitting in her lap. In our opinion, the risk of falling in this situation should have been obvious. Thus, the undisputed facts of this case establish plaintiff assumed the risk involved in defendant's act. "One who knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence." *City of Columbus v. Griggs*, 113 Ga. 597 (1) (38 SE 953) (1901). Even though, as plaintiff argues, questions of negligence and proximate cause are usually issues for jury determination, this is one of those rare cases in which the undisputed facts clearly establish that plaintiff is barred from recovery by her own assumption of the risk.

2. The order granting defendant's motion for summary judgment does not recite that it is based on a review of the record and the rec-

ord reflects the depositions of the parties were first opened by the clerk of the trial court for the purpose of transmitting the record to this court after the notice of appeal was filed. Plaintiff argues the record thus shows the depositions were not considered by the trial court in ruling on defendant's motion and that the failure to consider the depositions constituted a denial of her right to due process. Even if the record clearly shows that a deposition was not considered below, it may be considered on appellate review of a ruling on a motion for summary judgment to determine whether the facts of the case create an issue of material fact for determination below. See *Miller Grading Contractors v. Ga. Fed. &c. Assn.*, 247 Ga. 730 (3) (279 SE2d 442) (1981). We take this opportunity to overrule *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222) (1988), and all cases which follow its holding, because it is inconsistent with the holding in *Miller Grading* in that it reversed the grant of summary judgment and remanded the case to the trial court for consideration of all evidence without first making a determination of whether such a remand was necessary on the ground of harmless error. Having reviewed the depositions of the parties, we conclude any error in the trial court's failure to consider this evidence was harmless because no issue of material fact is created by the deposition testimony. See *Malloy v. Cauley*, 169 Ga. App. 623, 625 (2) (314 SE2d 464) (1984).

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Carley, P. J., and Andrews, J., concur. Beasley, Cooper, Johnson and Blackburn, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

*Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222) (1988), should not be overruled because it is correct. There the trial court *expressly* confirmed that it had not considered the deposition, even though it was on file at the time the court ruled on the motion for summary judgment. That is error because OCGA § 9-11-56 (c) requires a consideration of the entire record. The question before the trial court is whether there is anything in the record which shows that a genuine issue of material fact remains unresolved. Obviously, one must be cognizant at least in general of the whole of the record in order to ascertain this, focusing on those issues which the parties contend remain.

It is true that a review of the ruling on summary judgment is de novo, with the appellate court examining the record anew because only the legal question as to whether the law demands judgment or not is at issue both before the trial court and the appellate court. The appellate court must conduct the same inquiry which the trial court was bound to undertake. If the trial court did not fully perform its statutory obligation by failing to follow the prescribed procedure of

considering the entire record, it is error which can be corrected by directing it to do so. On the other hand, *Miller Grading Contractors v. Ga. Fed. &c. Assn.*, 247 Ga. 730 (3) (279 SE2d 442) (1981), took the approach that if the trial court's error is harmless in that review of the entire record, which is the mandated procedure, would lead to the same result reached erroneously, then requiring the erring court to reconsider the motion wastes judicial resources and delays finality.

In *Maddox* it was not shown that a review of the ignored deposition would lead to the same result. In other words, harmless error was not shown, so it was not appropriate to apply the rule used in *Miller Grading*, that "[a] judgment correct for any reason will be affirmed. [Cits.]" *McLean v. McLean*, 242 Ga. 71, 72 (1) (247 SE2d 867) (1978). The Supreme Court in *Miller* assumed error but found it "manifestly harmless" after reviewing the depositions which apparently had not been considered by the trial court. In the case cited by the majority, *Malloy v. Cauley*, 169 Ga. App. 623, 625 (2) (314 SE2d 464) (1984), this court also applied the harmless error rule. Likewise in *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535) (1990), wherein this court considered not only a deposition filed before but unsealed after the trial court's order on summary judgment, but also a deposition not filed or unsealed until after the summary judgment ruling.

This approach has a problem, of course. If the appellate court undertakes review of documents which the trial court erroneously did not consider, it may conclude that those documents *do* raise a genuine issue of material fact. Then the harmless error rule would not apply and the trial court would be found in error on the substantive issue as well as the procedural issue. Not only does the trial court in such a case fail to follow the dictates of OCGA § 9-11-56 (c), but had it done so, it would have ruled otherwise.

The problem is that the appellate court diminishes the importance of the trial court's responsibility to make the first ruling. Whenever the appellate court considers record items which the trial court did not consider, either because they were timely filed but ignored or because they were not unsealed or even filed until after the court ruled, cost and delay are increased because an appeal on the merits is necessitated. Condoning the trial court's failure to properly consider summary judgment, the purpose of which is to conclude a nonmeritorious suit swiftly, is counterproductive because it elongates the proceeding by requiring the parties to seek the *original* proper consideration of summary adjudication in the appellate court.

The instant case differs from *Maddox* in that here, we have only that the timely-filed depositions were not unsealed until after the ruling, and it is on this basis that the majority presumes the trial court did not consider them. But *General Motors v. Walker*, 244 Ga. 191,

193 (259 SE2d 449) (1979), ruled that "[i]f a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered."

The order of the trial court here recites that "with briefs filed and arguments of counsel having been heard," summary judgment is granted. Although the court does not expressly state that it has "reviewed the record," there is nothing which shows that the court did *not* fulfill its duty, as there was in *Maddox*. Moreover, both trial court briefs in the instant case make specific descriptive references to the depositions. Taking all of plaintiff-appellant's assertions as true, she still could not avoid summary judgment. Similarly, as stated in *General Motors*, supra at 191-192, "the trial court need not consider sealed depositions on file in the case when the parties stipulate the facts upon which the trial court based its decision." Often the court need not read the entirety of the record because the parties point out the areas of dispute, so in effect it is considered to the extent that it need be to decide the issue. Thus, based on *General Motors*, we need not assume that the trial court's failure to open the sealed depositions was error, as did the Court in *Miller Grading*.

In *Maddox*, however, the court expressly did not consider the substance of the deposition, although its order originally had said it did. *Maddox* had nothing to do with whether the seal on the deposition was broken or not, or the effect of that fact on the appellate disposition of the summary judgment order.

I conclude that the trial court did not legally err in this case, either procedurally or substantively, although it created, as have so many before it, another instance of "the awkward problems caused by failure to incorporate into the *open* record all documents upon which a ruling on summary judgment depends." *Bishop*, supra. (Emphasis supplied.) The ideal, which may be achieved simply, is for the court to confirm expressly in the order that all the items in the record, such as those listed in OCGA § 9-11-56 (c), have been considered; for counsel to assure that all items intended to be considered are timely filed; and for the court to unseal all sealed documents. By so doing, the procedural nightmares are avoided, the finality of the judgment is enhanced, and the appeal, if there is one, is confined to the merits. In addition, the constitutional mandate for speedy, efficient, and inexpensive resolution of disputes is more nearly honored.

I am authorized to state that Judge Cooper, Judge Johnson, and Judge Blackburn join in this special concurrence.

DECIDED MARCH 5, 1993.

*Ronald L. Hilley,* for appellant.
*MacDougald & Hendon, Norman R. Miller,* for appellee.