## 48902. PENICK v. GRIMSLEY.

QUILLIAN, Judge. The appellee filed a claim against the appellant which alleged that the appellee sustained certain injuries when appellant's dog caused her to be thrown to the ground.

The appellant filed a motion for summary judgment which was denied. It is from that order that the appellant filed this appeal. *Held:*

1. Appellee's counsel states that this action was brought under Code § 105-110 which provides: "A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured."

The appellee stated in an affidavit that: "Affiant shows that the defendant allowed the dog to run at large in the neighborhood and knew that the dog was of a nature that posed a threat and hazard to the safety of persons in the neighborhood in that the dog on numerous occasions had chased other person or persons while the dog was at liberty ... Affiant believes that the dog was cared for by the defendant negligently and carelessly in the management of the dog and that he allowed the dog to go at liberty without restraint knowing the dog was of a dangerous nature and posed a threat and hazard to the safety of persons

coming onto his premises."

The appellant's affidavit stated in part that: "The plaintiff in the above case, was employed by him as a housekeeper; . . . a small dog, which was given to and belonged to affiant's children, was kept at his house at said address; the dog was known by the name of Corky; Corky had never bitten anyone to affiant's knowledge; Corky had never shown any tendency to be vicious to affiant's knowledge and was not vicious in anyway to affiant's knowledge; affiant has never heard of Corky biting anyone or showing any tendency to be vicious; affiant has never known or heard of Corky attempting to attack anyone."

The allegations of the petition and the evidence show no liability of the defendant nor any action by him which would constitute negligence.

Construing the evidence most strongly in the plaintiff's favor, the most that was shown was that the defendant allowed the dog to run at large in the neighborhood and that the defendant knew the dog had chased other people. *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833), was a case where the plaintiff was knocked down by the defendant's dog while standing in her own front yard. This court held that it was error to fail to grant the defendant's motion for a judgment notwithstanding the verdict. The opinion in the *Connell* case states in part (p. 509): "There was evidence from which the jury could have found that the owner knew of the dog's propensity to growl at persons interfering with his activity in knocking over garbage cans, or at those ordering him to leave the area where he might be; but there is no evidence whatsoever that the dog had a habit of running into people or that the owner knew of such habit; nor is there any evidence that the dog was attempting to attack the wife of plaintiff at the time he ran into her legs . . . We also think it obvious that from the known propensities of the dog, it could not have been foreseen that he would run against a person's legs, when there is no evidence that in doing so he was attempting to attack or bite such person. The act of running into the plaintiff's legs, under the evidence here, was not a manifestation of the known vicious or dangerous propensities of the dog. On the contrary, the evidence here only supports a finding of accidental injury in so far as liability of the defendant appellant is concerned. The case in this respect is controlled by *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818)." See *Woods v. Simpson,* 99 Ga. App. 538 (109 SE2d 72); *Flowers v. Flowers,* 118 Ga. App.

85 (162 SE2d 818). " 'It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type which it inflicts.' " *McCree v. Burks,* 129 Ga. App. 678, 680 (200 SE2d 491).

The overruling of the appellant's motion for a summary judgment was error.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED JANUARY 30, 1974.

*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis,* for appellant.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr.,* for appellee.