## 56201. GORDON v. DAWSON.

SMITH, Judge.

We reverse the trial court's grant of appellee's motion for summary judgment.

Appellant sued for injuries sustained when she was attacked by appellee's dog, which appellee allegedly knew to be of a dangerous nature and yet permitted "to run loose." Appellee, by affidavit, said she did not own the dog but merely "kept" it. Appellee also stated she did not know that the dog had the propensity to attack. In opposition to appellee's motion for summary judgment, appellant introduced the affidavit of Brenda Smith, who swore appellee's dog had bitten Smith's daughter and who stated she had told appellee the dog was vicious.

Smith's affidavit manifested that a factual dispute existed as to the material issue of appellee's knowledge of the animal's vicious character and tendency to attack. We find meritless appellee's contention that her knowledge that the dog had a tendency to "bite" is not knowledge of the specific propensity to "attack," the propensity here alleged. See *Penick v. Grimsley,* 130 Ga. App. 722 (204 SE2d 510) (1974). Finally, the fact that appellee may not have owned the dog is immaterial, as Code § 105-110 imposes liability upon a "person who owns *or keeps* a vicious or dangerous animal . . . who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury." (Emphasis supplied.) Issues of fact remaining as to appellee's liability in negligence for allowing the dog to roam unconfined, the trial court erred in sustaining her motion for summary judgment. Code § 105-110.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 29, 1978 — DECIDED JULY 14, 1978.

*Albert E. Butler,* for appellant.
*Jones, Osteen & Jones, Charles M. Jones,* for appellee.