70452. LIDSTER v. JONES et al.
(336 SE2d 287)

BENHAM, Judge.
On July 8, 1984, appellant's two-year-old daughter was bitten by a dog belonging to defendant Jones, a tenant in the apartment complex owned by appellee Slavenski, as general partner of appellee Pine Terrace Associates, Ltd. ("Pine Terrace"). Appellant filed a negligence action on her daughter's behalf against Jones, Slavenski, and Pine Terrace, alleging that the ownership and managing agents of Pine Terrace had actual knowledge of the dog's vicious propensities but did nothing to keep the dog out of the complex's common area where the child was injured. Appellees allegedly knew that Jones' dog attacked the minor daughter of another tenant in July 1983. Appellant claims that appellees' alleged inaction regarding the dog was a breach of their duty to keep the common areas safe pursuant to OCGA § 51-3-1. Pine Terrace and Slavenski responded by denying the allegations and stating that, as far as they knew, the dog had been restrained from July 1983 through the date appellant's daughter was attacked. Appellees filed a motion for summary judgment and submitted Slavenski's deposition and affidavit, and the affidavits of Don Forbes, a grounds maintenance man, and Robert Anthony, the manager. The documents stated that appellees had no responsibility for the care, control or maintenance of the dog and that the dog had been restrained and not allowed to run loose between July 1983 and July 8, 1984. The Anthony affidavit also stated that he was told the dog had jumped on another tenant's child in July 1983, and that he personally had no relationship with the dog except that it was owned by a tenant of Pine Terrace. Appellant filed an affidavit in opposition to the summary judgment motion in which she averred that Anthony had told her the dog was vicious; that it had attacked other individuals on occasions and had tried to bite him several times in the two years before the injury to appellant's daughter. The trial court granted appellees' motion for summary judgment from which appellant brings this appeal, arguing that her affidavit raised an issue of material fact. We agree and reverse.

"[A] non-moving party [may] withstand a motion for summary judgment by submitting sworn testimony averring personal knowledge of the existence of a prior inconsistent statement made by the witness upon whose sworn testimony the movant relies. In the case at bar, appellant's affidavit containing the employee's statement to her that he [knew the dog was vicious and that it had attacked him and others] is sworn testimony of personal knowledge that the employee earlier made a statement inconsistent with the sworn testimony he later gave in support of the motion for summary judgment, i.e., that he [personally had no relationship with the dog and that he was told the dog had jumped on another tenant's child]." *Cooperwood v. Auld*, 175 Ga. App. 694 (334 SE2d 22) (1985).

Appellees contend that OCGA § 51-3-1 is inapplicable to the case before us; rather, that their conduct is to be judged by the standard applied under OCGA § 44-7-14. "[W]here the owner has *fully parted with possession by rental or lease* his liabilities are measured by [OCGA § 44-7-14], [OCGA § 51-3-1] having no application. [Cits.]" *Powell v. United Oil Corp.*, 160 Ga. App. 810 (287 SE2d 667) (1982). (Emphasis supplied.) Conversely, where the owner has retained control over common areas of an apartment complex to which tenants and others are allowed access, the owner is liable under OCGA § 51-3-1 to exercise ordinary care in keeping those common areas safe. *Maloof v. Blackmon*, 105 Ga. App. 207 (4a) (124 SE2d 441) (1962). Moreover, the degree of care owed to a child may be greater than that which would be owed to an adult under the same circumstances. *Massey v. Hilton Heights Park*, 121 Ga. App. 214, 218 (173 SE2d 396) (1970). Whether the appellees exercised ordinary care under the circumstances is a jury question, as is whether the owner or his employee had knowledge of the existence of a condition that may have subjected the child to an unreasonable risk of harm. *Lake v. Cameron*, 64 Ga. App. 501 (13 SE2d 856) (1941). See *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983). Since the record indicates that material issues of fact remain to be determined, summary adjudication of the case was inappropriate.

Appellees further argue that *Malloy v. Cauley*, 169 Ga. App. 623 (314 SE2d 464) (1984), is dispositive of the case before us. *Malloy* is distinguishable inasmuch as it does not involve or address the question of a landlord's obligation to keep common areas of the leased premises safe.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 30, 1985 —
REHEARING DENIED OCTOBER 11, 1985 —

*Arthur L. Smith III*, for appellant.
*Robert C. Martin, Jr.*, for appellees.