A04A2158. COOGLE et al. v. JAHANGARD et al.
(609 SE2d 151)

JOHNSON, Presiding Judge.

This personal injury case was brought to recover damages in connection with a dog bite. The victim, 11-year-old Marshall Kunisch, was bitten by a golden retriever owned by James Green. Kunisch's mother, Rebecca Coogle, filed the action not against Green, but against the dog's previous owners, Hamid and Mozhgan Jahangard. Coogle, on behalf of herself and Kunisch, sued the Jahangards claiming they were liable because they gave the dog to Green knowing the dog had bitten someone before, but failed to inform Green of the dog's dangerous propensity. Coogle's theory was that a party placing a dog in the "stream of commerce" has a duty to warn of the dangers associated with the dog, and is liable to third parties harmed by the dog. The Jahangards moved for summary judgment, arguing that they no longer owned, possessed or controlled the dog at the time of the incident, and that they had no legal duty to inform Green of a prior biting incident (which they deny even occurred). The trial court granted the Jahangards' motion for summary judgment. Coogle appeals.

---

1. Coogle contends the trial court erred in granting the Jahangards' motion for summary judgment because there were genuine issues of material fact based on common law principles of foreseeability and proximate cause. She argues that the Jahangards had a duty to disclose to Green the dangerous propensity of the dog and that, had they done so, Green would not have taken possession of the dog[1] and the dog would not have bitten the child. She adds that it is reasonably foreseeable that if a person places into the stream of commerce an animal or other instrumentality known by him to be dangerous, without disclosing the dangerous nature of the animal or object, injury to a third party can result. She points to evidence that the dog had bitten one of the Jahangards' relatives, a point denied by the Jahangards.

The trial court did not err in granting summary judgment to the Jahangards. Coogle's complaint is not based on OCGA § 51-2-7 (the dog bite statute) or § 51-3-1 (the premises liability statute), but on a theory of negligent failure to warn Green about a prior incident. To state a cause of action for negligence in Georgia, a plaintiff must show: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.[2] A legal duty is one arising from contract between the parties or the operation of the law.[3]

The record shows that a friend of the Jahangards found the dog and gave it to them in 1999. The Jahangards (who had two young daughters) kept the dog inside their home and in a large fenced yard for three years. The dog got along well with and played with the family members without any incidents of biting or snarling.

In 2002, believing they were not giving the dog enough attention, the family began looking for another home for the dog. Green heard about the dog through a friend, and expressed an interest in it. Green visited the Jahangards' home on several occasions to meet the dog, and watch it interact with the children. Green never saw the dog display any aggressive behavior.

In the spring or summer of 2002, the Jahangards gave the dog to Green, who lives on a houseboat at Lake Allatoona. On two occasions,

---

[1] Green stated on deposition that he would not have adopted the dog had he known the dog had a history of biting.

[2] *Tuggle v. Helms*, 231 Ga. App. 899, 901 (499 SE2d 365) (1998).

[3] *Ferrell v. Haas*, 136 Ga. App. 274, 276 (220 SE2d 771) (1975).

the Jahangard children visited the dog at his new home and played with him. The dog was not aggressive toward the children. The dog was never aggressive toward Green, either.

About five or six times in the summer of 2002, Kunisch, whose family owned a boat near Green's, came to visit Green and to play with the dog. Green watched the child and dog interact, and never saw the dog act aggressively toward Kunisch. Another neighbor's child also played with the dog on a daily basis. The dog did "nip" at this other child once, but that did not deter the child from continuing to play with the dog. Green kept the dog after this incident.

On August 31, 2002, Kunisch went to Green's boat to play with the dog. The child petted the dog for about ten minutes without incident. Suddenly, the dog attacked the child, severely biting him on the face. Later that morning, Green called Ms. Jahangard. Green stated on deposition that Ms. Jahangard told him during the conversation that the dog had bitten one of their cousins, though the dog was just playing at the time. Ms. Jahangard denied having told Green that, and insisted that the dog had never bitten anyone.

In this case, there was no contract between any of the parties, and Coogle has pointed to no law placing a duty upon a dog owner to warn a person to whom he is giving a dog of a prior biting incident. Nor has Coogle cited any authority holding that a former dog owner is liable to a third party for failing to warn a new owner of a prior biting incident.

We are not persuaded by Coogle's attempts to analogize this case involving the transfer of dog ownership to cases involving product liability and the placement of defective products into the stream of commerce. The inherent differences between a pet dog and a manufactured product are obvious, including whether the performance or behavior of these two is reasonably predictable. Another important distinction is that Georgia law imposes upon a manufacturer of personal property certain duties, including a duty to warn users of its product of dangers arising from the use of the product, regardless of privity.[4] There is no such statutory duty imposed upon a person transferring the ownership of a dog.

Coogle cites several dog bite cases to support her position, but her reliance is misplaced. One case involves an action brought against the owner and manager of an apartment complex after a dog bite occurred in the common area of the complex grounds.[5] The Jahangards did not own or manage the premises on which the incident occurred.

---

[4] See OCGA § 51-1-11.
[5] *Lidster v. Jones*, 176 Ga. App. 392 (336 SE2d 287) (1985).

A second case involves a bite by a homeowner's dog.[6] The Jahangards no longer owned or possessed the dog when Kunisch was bitten. Finally, Coogle relies on a case in which the plaintiff was bitten by a dog possessed by the defendant.[7] The Jahangards no longer kept or maintained the dog at the time the child was bitten. The cases cited are simply not on point and do not support Coogle's position regarding liability of a dog owner to third parties after the owner has given the dog away. Where there is no legal duty owed to a plaintiff, there is no cause of action in negligence.[8]

We further note that Coogle cannot show that the Jahangards' failure to warn Green caused the injury to Kunisch. For example, although Green claims that he would not have taken the dog had he known the dog had bitten before, Green kept the dog and allowed Kunisch to play with him even after the dog nipped at another child at Green's home. In addition, weeks or months passed between the change in ownership and the injury to Kunisch, and there was a major change in the dog's environment in the interim. The Jahangards' conduct and the child's injury are simply too remote for the law to permit recovery.[9] The trial court did not err in granting summary judgment to the Jahangards.

2. Coogle contends the trial court erred in granting summary judgment to the Jahangards when genuine issues of material fact exist concerning their liability under OCGA § 51-2-7.[10] Coogle now argues that a jury issue remains regarding whether the Jahangards still owned the dog when it was in Green's possession. However, Coogle did not allege a cause of action under OCGA § 51-2-7 in her complaint as originally filed or as amended. Nothing in those pleadings alleges that the Jahangards still owned the dog at the time of the incident. In fact, in her response to the summary judgment motion, Coogle states that "the jury could find that the prior bite was in fact the reason Defendants *got rid of the dog*," (emphasis supplied) then reiterates that one of the issues for the jury is to determine "the real reason that the Jahangards got rid of the dog" and why "they gave away the dog." In her response, Coogle never contests the Jahangards' claim that they did not own the dog at the time of the incident. And, during arguments at the hearing on the summary judgment

---

[6] *Johnson v. Kvasny*, 230 Ga. App. 162 (495 SE2d 651) (1998).

[7] *Gordon v. Dawson*, 146 Ga. App. 784 (247 SE2d 596) (1978).

[8] *Guida v. Lesser*, 264 Ga. App. 293, 296 (590 SE2d 140) (2003).

[9] See *Bacon v. Mayor &c. of the City of Savannah*, 241 Ga. App. 211, 212 (525 SE2d 115) (1999).

[10] OCGA § 51-2-7 provides that a person who owns or keeps a vicious or dangerous animal and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury may be liable to the person injured.

motion, when asked if Coogle was suing under OCGA § 51-2-7, counsel for Coogle stated that she was seeking to recover "simply in negligence," not under OCGA § 51-2-7 or § 51-3-1. Coogle's position has been that the Jahangards were negligent because that they did not warn Green of the dog's alleged dangerous propensity. She cannot now change her entire theory of recovery in an effort to survive summary judgment. Because the argument was not properly raised below, it cannot be considered on appeal.[11]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

### DECIDED JANUARY 6, 2005.

*Shapiro, Fussell, Wedge, Smotherman, Martin & Price, Robert B. Wedge*, for appellants.
*Downey & Cleveland, Rodney S. Shockley*, for appellees.

---

[11] *Boggs v. Madison County*, 240 Ga. App. 849, 851-852 (524 SE2d 252) (1999).