### A04A2211. GRIFFITHS v. ROWE PROPERTIES et al.
(609 SE2d 690)

ANDREWS, Presiding Judge.

Christina Griffiths, as next friend of her minor son Tyler, filed suit against Jacqueline Edwards, Rowe Properties (Rowe), the owner of the apartment complex where Edwards lived, and Davis Realty (Davis), the leasing agent for Rowe, for damages suffered by Tyler when bitten by Edwards' dog. Griffiths appeals from the trial court's grant of summary judgment to Rowe and Davis.[1]

1. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

On August 8, 2000, Rowe, through Davis, rented apartment A-3, Highland Avenue, Columbus, to Jacqueline Edwards and Adam Rosenberg. Griffiths, her then husband, and Tyler, then three years and seven months old, lived across the way in apartment B-3.

On October 29, 2000, Tyler, with the knowledge of his parents, had gone to Edwards' apartment to play because Edwards had a dog, a cat, fish, and a bird. Edwards brought Tyler back to the Griffiths' apartment holding a cloth to his face. Tyler required seven stitches on his left cheek.

Affidavits of both Rowe and Davis were submitted in which each stated that, prior to October 29, 2000, he had no knowledge, actual or constructive, of any dangerous propensity or viciousness of Edwards' dog. Asked whether she had any information that Rowe or Davis had any knowledge that the dog was vicious or threatening, Griffiths answered, "[n]ot that I'm aware of." The two affidavits and Griffiths' deposition were the only evidence submitted below.[2]

In Griffiths' brief, it is acknowledged that "[n]either Rowe nor Davis were [sic] aware that the dog had demonstrated any dangerous propensity or viciousness prior to biting [Tyler]." It is also acknowledged in this brief that "[i]t is undisputed that Rowe Properties relinquished possession of the premises prior to the dog bite."

---

[1] The claim against Edwards remains pending below.

[2] No response was filed below by Griffiths to the motion for summary judgment, in violation of Uniform State Court Rule 6.2.

As an out-of-possession landlord, Rowe's only liability to third persons is that of OCGA § 44-7-14. *Ranwez v. Roberts*, 268 Ga. App. 80, 81 (1) (601 SE2d 449) (2004); *Webb v. Danforth*, 234 Ga. App. 211 (505 SE2d 860) (1998). That liability is premised on defective construction or failure to repair, neither of which has been shown here. Summary judgment to Rowe was demanded.

As to Davis, the leasing agent, there has been no showing of any knowledge on his part regarding the dog's dangerous propensities or viciousness. Summary judgment was demanded for Davis on any claim arising from OCGA § 51-3-1. *Gibson v. Rezvanpour*, 268 Ga. App. 377, 379 (2) (601 SE2d 848) (2004); *Webb v. Danforth*, supra.

Griffiths' reliance on *Lidster v. Jones*, 176 Ga. App. 392 (336 SE2d 287) (1985), is misplaced for several reasons. First, there was conflicting evidence there regarding the resident manager's knowledge of the violent propensity of the dog. None has been put forward here. Also, there was evidence in *Lidster* that the incident occurred in a common area of the apartment complex. Here, the only evidence regarding the locale of the bite was hearsay statements made to Griffiths by Edwards and Tyler. According to Griffiths, Edwards, who did not see the attack, "explained that she was in the laundry room. Had the back door open. My son and the dog went out the back. When my son came back into the apartment, the dog attacked him." Griffiths also said Tyler, "[r]ight after it happened, he did tell me he was going back into the apartment and the dog jumped on him."

These statements being hearsay, they prove nothing regarding the actual location of the dog bite. *Buice v. Buice*, 255 Ga. App. 699, 701 (566 SE2d 421) (2002). Pretermitting the hearsay nature of the statements, they do not show that the incident occurred in a common area, as in *Lidster*, supra.

There was no error in the grant of summary judgment to Rowe and Davis.

2. Rowe and Davis have requested that this Court impose a penalty for frivolous appeal against Griffiths and/or her counsel, as provided by Court of Appeals Rule 15 (b). Such a penalty may be imposed in cases where the appellant could have no reasonable basis upon which to anticipate that this Court would reverse the trial court's judgment. *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (4) (464 SE2d 219) (1995).

Although the record in this case does not support the factual claims made in this Court in Griffiths' brief, it is not apparent that the arguments were made unreasonably or in bad faith. Therefore, the motion for penalty is denied.

*Judgment affirmed and case remanded. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 21, 2005.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy*, for appellees.