**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 12, 2012**

# In the Court of Appeals of Georgia

A12A1589. YOUNGER v. DUNAGAN.

McFADDEN, Judge.

Postal worker James Younger was injured while trying to escape from a dog at a house at which Younger was delivering mail. In a personal injury action, Younger claimed that the dog owner's landlord, Gary Dunagan, knew or should have known that the dog was present on the property and had vicious tendencies, and that Dunagan as landlord was "negligent in failing to remove or insist upon the removal of the [dog] or insist upon reasonable restraint upon the [dog]." The trial court granted summary judgment to Dunagan, and Younger appeals. Because the undisputed evidence shows that Dunagan was not in possession of the property, he was entitled to summary judgment against Younger's claim under OCGA § 44-7-14. Accordingly, we affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant." (Citations and punctuation omitted.) *Stolte v. Hammack*, 311 Ga. App. 710 (716 SE2d 796) (2011).

So viewed, the evidence showed that Dunagan leased a house to Norma Neubold, who had been in continuous possession and control of the house for approximately 19 years. Dunagan worked in a business located directly across the street from and with a view of the rental house. On February 28, 2009, Younger approached the porch of the house to deliver mail in a mailbox adjacent to the porch. Neubold's dog was on the porch, tethered in a manner that allowed the dog to leave the porch. The dog approached Younger in a menacing fashion and attempted to bite him. Younger was injured while running away from the dog.

Younger essentially contends that Dunagan should be liable to him for damages resulting from Neubold's alleged failure to restrain her dog properly. "A landlord's liability to a third person who is injured on property which was relinquished by rental or under a lease is determined by OCGA § 44-7-14." (Citation omitted.) *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995); accord

*Ranwez v. Roberts*, 268 Ga. App. 80, 81-82 (1) (601 SE2d 449) (2004). OCGA § 44-7-14 provides:

> Having fully departed with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

Under this Code section, Dunagan is not liable to Younger for his claimed damages. See *Ranwez*, 268 Ga. App. at 83 (1). There is no evidence that Younger's injuries arose from defective construction or a failure to keep the premises under repair. See *Griffiths v. Rowe Properties*, 271 Ga. App. 344, 345 (1) (609 SE2d 690) (2005). And the undisputed evidence shows that Dunagan had fully parted with possession and the right of possession of the rental house, entitling him to the protection of OCGA § 44-7-14. He stated in his affidavit that, under his lease agreement, he "relinquished full possession and control of said property to Ms. Neubold, except for the right to enter the premises for landlord purposes with the permission of the tenant." See *Ranwez*, 268 Ga. App. at 82 (1) (use of premises belongs to tenant during lease, and landlord's reservation of right of access for

3

landlord-related purposes does not mean that landlord did not fully part with leased premises). Younger has not pointed to any record evidence disputing Dunagan's affidavit statement. See generally *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (after defendant moving for summary judgment discharges burden of demonstrating no genuine issue of material fact, party opposing summary judgment must point to specific evidence giving rise to triable issue). Although Younger asserts that Dunagan performed weekly maintenance of the property's grounds, he has not provided either a record citation for this assertion or any authority supporting the position that a landlord could retain a right of possession in rental property by performing such maintenance work.

Younger contends that Dunagan is liable because he "was aware of a condition that was an ongoing nuisance under . . . municipal ordinances and that he acquiesced in the maintenance of the nuisance by his tenant." Even if Dunagan were aware that the dog presented a dangerous condition on the property, however, OCGA § 44-7-14 shields him from liability because his tenant created the dangerous condition after Dunagan relinquished possession and control of the premises. See *Colquitt*, 265 Ga. at 906 (1) (landlord entitled to summary judgment on personal injury claim brought by tenant's invitee, who was injured after diving into shallow pool placed on premises

4

by tenant, despite landlord's knowledge of dangerous condition posed by pool and diving board, because tenant erected pool after landlord relinquished possession and control of premises). Moreover, while Younger attached copies of the ordinances to his summary judgment pleadings, the copies were not certified. "Neither this court nor the trial court may take judicial notice of municipal records; they must be alleged and proved by production of the original or of a properly certified copy." (Citations and punctuation omitted.) *Latimore v. City of Atlanta*, 289 Ga. App. 85, 86 (2) (656 SE2d 222) (2008). Because Younger did not produce the originals or properly certified copies of the ordinances, we cannot consider them in our evaluation of the motion for summary judgment. Id.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*