**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 20, 2013**

# In the Court of Appeals of Georgia

A12A2248. FORSH et al. v. WILLIAMS et al.

PHIPPS, Presiding Judge.

Frankie Forsh and Chet Forsh appeal a trial court's grant of James White's motion to be dismissed from a tort action on the basis that the Forshes failed to state a claim upon which relief could be granted against White.[1] The Forshes contend that the trial court erred in: (1) dismissing White based upon their alleged failure to state a claim upon which relief could be granted against him; and (2) failing to address their assertion of a cause of action against White for negligence under federal law governing "Section 8 housing and 'H[ousing] Quality Standards.'" For the following

---

[1] The Forshes filed suit against Shawn Williams, Akmad Coleman, Eugenia Watkins, and James White. Williams, Coleman, and Watkins failed to answer the complaint, and the trial court ruled that they had therefore admitted liability. A trial on the issue of damages was held, and subsequently, the trial court awarded damages against Williams, Coleman, and Watkins. The Forshes do not appeal the trial court's award of damages against Williams, Coleman, and Watkins.

reasons, we reverse the trial court's grant of White's motion to dismiss, and remand this case to the trial court.

1. The Forshes contend that the trial court improperly granted White's motion to dismiss for failure to state a claim upon which relief could be granted. We agree.

Under the Civil Practice Act a motion to dismiss a complaint for failure to state a claim upon which relief may be granted should not be granted unless averments in the complaint disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim. While conclusions may not generally be used in affidavits to support or oppose summary judgment motions, conclusions may generally be pleaded under the Civil Practice Act. Under this "notice" theory of pleading it is immaterial whether a pleading states "conclusions" or "facts" as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states "conclusions" or "facts." There are no prohibitions in the rules against pleading conclusions and, if pleaded, they may be considered in determining whether a complaint sufficiently states a claim for relief. It is immaterial whether an allegation is one of fact or conclusion if the complaint effectively states a claim for relief.[2]

---

[2] *Ledford v. Meyer*, 249 Ga. 407, 409 (2) (290 SE2d 908) (1982) (citations, punctuation and emphasis omitted).

"[A] plaintiff is not required to plead in the complaint facts sufficient to set out each element of a cause of action so long as it puts the opposing party on reasonable notice of the issues that must be defended against."[3] "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient."[4] "We review the trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under the de novo standard of review."[5]

So viewed, the Forshes alleged in their complaint that White owned real property which he leased to certain tenants. Those tenants kept on the premises dogs that on July 5, 2010 suddenly and without provocation attacked Frankie Forsch and inflicted injuries upon her as she walked on a roadway. The Forshes further alleged that White was negligent and reckless in failing to adequately screen his tenants, failing to enter into an agreement whereby the tenants were prohibited from having and keeping vicious dogs, failing to adequately inspect the premises, failing to

---

[3] *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 593 (688 SE2d 378) (2009) (footnote omitted).

[4] *Koehler v. Massell*, 229 Ga. 359, 361 (1) (191 SE2d 830) (1972) (citations and punctuation omitted).

[5] *TechBios*, *Inc.*, supra (footnote omitted).

3

comply with legal requirements under state and federal law for ownership of rental property, and "other specifications of negligence to be proven at trial."

In his motion to dismiss, White asserted that assuming the truth of all the pertinent facts alleged in the complaint, the Forshes still failed to state a claim against him under OCGA § 44-7-14, because "any and all injuries that [the Forshes] suffered . . . were the result of a dog attack and were not the result of injuries arising from defective construction or from injuries rising from the failure to keep [the premises] in repair." The Forshes then filed an amended complaint,[6] alleging that White was negligent and reckless for, pertinently,

> Failing to keep the premises in repair as required under OCGA § 44-7-14 by not installing an appropriate gate on the deck from which the dogs escaped and attacked Ms. Forsh; failing to install fencing in the yard after having knowledge of the presence of the dogs; and *failure to make other repairs to be shown at trial.*

The Forshes further alleged that White was negligent and reckless for failing to comply with federal law governing "Housing Quality Standards" for "Section 8" housing.

OCGA § 44-7-14, entitled "Tort liability of landlord," provides:

---

[6] The Forshes filed also a response in opposition to White's motion to dismiss.

Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

After a hearing on White's motion, the trial court, citing OCGA § 44-7-14, held:

[Frankie Forsh] does not challenge the assertion that White was an out-of-possession landlord. Rather, she insists that Defendant White is liable for his failure to repair the premises. In her [amended] complaint, [Frankie Forsh] alleges that White is liable based on his "failure to install an appropriate gate on the deck" or "install fencing after having knowledge of the presence of the dogs." Yet in the case law [Frankie Forsh] herself cites, a "repair" contemplates an existing structure which has become imperfect, and means to supply in the original structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be. . . . There being no allegations that there was some fence in need of restoration to its original condition due to loss or destruction, White cannot be held liable under his statutory duty as an out-of-possession landlord to keep the premises in repair.

5

"An out-of-possession landlord's tort liability to third persons is subject only to the statutory provisions of OCGA § 44-7-14."[7] In their appellate brief, the Forshes do not challenge the finding that White was an out-of-possession landlord. And they admit that OCGA § 44-7-14 is the Georgia statute that governs White's tort liability. They argue that the trial court should have liberally construed their complaint, which alleged a case against White that "could have been proven in several ways."

The trial court, in its order, found that although the Forshes alleged in their amended complaint that White was liable based on his "failure to install an appropriate gate on the deck" or his failure to "install fencing after having knowledge of the presence of the dogs," there was no allegation that White was liable based on his failure to repair "some fence." The trial court did not consider that the Forshes had alleged that White was negligent and reckless due to his "failure to make other repairs" – an allegation, which, if proven, could entitle the Forshes to relief against White.[8]

> A complaint fails to state a claim upon which relief can be granted and warrants dismissal or judgment on the pleadings only if . . . its

---

[7] *Ranwez v. Roberts*, 268 Ga. App. 80, 81 (1) (601 SE2d 449) (2004) (citation omitted).

[8] See OCGA § 44-7-14.

6

allegations disclose with certainty that *no set of facts consistent with the allegations* could be proved that would entitle the plaintiff to the relief he seeks. Put another way, *if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. . . .* [W]hen we assess the sufficiency of the complaint on appeal, we must accept the allegations of fact that appear in the complaint and view those allegations in the light most favorable to the plaintiff.[9]

Because it was possible for the Forshes to introduce evidence showing that White had failed to make repairs on the property, and that such failure(s) resulted in the injuries allegedly sustained by Frankie Forsh, the trial court erred in dismissing the tort claim against White for failing to state a claim upon which relief could be granted.[10] By our ruling, "[w]e express no opinion about the credibility of any facts alleged by [the

---

[9] *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89 (720 SE2d 370) (2011) (citations and punctuation omitted; emphasis supplied).

[10] See *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73-74 (2) (656 SE2d 820) (2008); *TechBios*, supra at 594-595 (1) (a); *Peacock Constr. Co. v. Erickson's, Inc.*, 121 Ga. App. 544, 545 (2) (174 SE2d 276) (1970) (allegations of a complaint to the effect that the defendants intentionally and maliciously published false, libelous and defamatory statements about the plaintiff which subjected the plaintiff to ridicule and contempt and which damaged plaintiff's good name and reputation, stated a claim for which relief may be granted and sufficiently notified the defendants of the basis therefor so as to comply with the very minimal requirements of notice pleadings).

Forshes], nor do we speculate about the likelihood of [the Forshes] being able to present evidence to support . . . the allegations contained in [their] complaint."[11]

2. The Forshes contend that the trial court erred in failing to address their assertion of a cause of action against White for negligence under 42 USCS §§ 1437f and 1437z-3.

The Forshes alleged in their complaint that at the time of the dog attack, White was negligent and reckless for "[f]ailing to comply with the requirements under 42 USCS § 1437 et. seq., commonly referred to as 'Section 8,' including, but not limited to, failure to comply with 'Housing Quality Standards' ["HQS"] requiring adequate infrastructure to keep the dogs confined either on the deck, in a suitable fence, or otherwise."

The purpose of 42 USCS § 1437 (the United States Housing Act of 1937) is

---

[11] *Speedway Motorsports v. Pinnacle Bank*, 315 Ga. App. 320, 321, n. 3 (727 SE2d 151) (2012). See *Harrison v. Tuggle*, 225 Ga. 211, 213 (2) (167 SE2d 395) (1969) (holding that although appellate court had previously ruled that petition was not subject to dismissal for failure to state a claim, even if it was established as the law of the case that if the plaintiffs proved their case as laid a finding for them would be authorized, it did not follow that the mere proving of the facts alleged in the petition demanded a finding of the ultimate conclusion, so as to authorize the grant of a summary judgment; grant of plaintiffs' summary judgment, reversed); *Gold Creek SL v. City of Dawsonville*, 290 Ga. App. 807, 813 (2) (660 SE2d 858) (2008) (holding that although the city's pleadings were sufficient to withstand a motion to dismiss, the evidence did not establish the city's entitlement to summary judgment).

(1) to promote the general welfare of the Nation by employing the funds and credit of the Nation, as provided in this Act – (A) to assist States and political subdivisions of States to remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families; (B) to assist States and political subdivisions of States to address the shortage of housing affordable to low-income families; and (C) consistent with the objectives of this title, to vest in public housing agencies that perform well, the maximum amount of responsibility and flexibility in program administration, with appropriate accountability to public housing residents, localities, and the general public.[12]

"Section 8 housing must comply with HQS that HUD[13] prescribes."[14]

However, "violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof."[15] Although 42 USCS §§ 1437f and 1437z-3 establish policy of the United States concerning low-income housing standards, the Act does not expressly

---

[12] 42 USCS § 1437 (a) (1). See *Crochet v. Housing Auth. &c. Tampa*, 37 F3d 607, 610-611 (III) (A) (11th Cir. 1994); *Jefferies v. D. C.*, Civil No. 11-1159 (RCL), 2013 U. S. Dist. LEXIS 1770, 81 (IV) (C) (1) (D.D.C. Jan. 7, 2013).

[13] *Reyes-Garay v. Integrand Assurance Co.*, 818 FSupp. 2d 414, 417 (I) (D.P.R. 2011) ("HUD" is the U. S. Department of Housing and Urban Development).

[14] Id. at 429 (IV) (B) (citations omitted); 42 USCS 1437f (o) (8).

[15] *U. S. Bank, N.A. v. Phillips*, _ Ga. App. _ (3) (734 SE2d 799, 804) (2012) (citation and punctuation omitted).

provide a cause of action for damages under those provisions for noncompliance.[16]

And the Forshes have pointed to nothing in the statutory schemes that shows any legislative intent for noncompliance to create a civil cause of action against a landlord for damages by victims of an alleged violation.[17]

> A plaintiff asserting an implied right of action under a federal statute bears the relatively heavy burden of demonstrating that Congress affirmatively contemplated private enforcement when it passed the statute. In other words, [a plaintiff] must overcome the familiar presumption that Congress did not intend to create a private right of action.[18]

---

[16] See *Jefferies*, supra at 1-3, 75, 78-82 (IV) (C) (1) (holding that nothing in the text of 42 USCS § 1437f indicates an intent to establish a private right of action; mother of slain child faulted housing authority for failing to enforce eviction standards, and mother sought damages against housing authority for killing which allegedly occurred in or near public housing units); *Reyes-Garay*, supra at 430-431 (IV) (B) ("the Court finds that low income families in need of affordable housing are the intended beneficiaries of Sections 1437; however, these provisions contain only broad declarations of housing policy which Congress did not intend to be transferred into a private right of action for monetary damages. Simply we cannot find that Congress intended to create a private right of action [to individuals suing HUD over the poor quality of their Section 8 housing] under this statute and, accordingly, [tenants]' claims under the U.S. Housing Act are hereby DENIED.").

[17] See generally *Govea v. City of Norcross*, 271 Ga. App. 36, 41-42 (1) (608 SE2d 677) (2004); *Troncalli v. Jones*, 237 Ga. App. 10, 12-13 (1) (514 SE2d 478) (1999).

[18] *Reyes-Garay*, supra at 430 (IV) (B) (citations and punctuation omitted); *Cenzon-Decarlo v. Mount Sinai Hosp.*, 09 CV 3120 (RJD), 2010 U. S . Dist. LEXIS

The Forshes, in their appellate brief, make no argument in their favor on this point; instead, they state that they found "no reported cases . . . as to whether landlords who lease houses to tenants under what is commonly referred to as Section 8 can be held liable to third parties for violating federal law requiring decent, safe, and sanitary housing as far a physical condition requirement." The Forshes have not met their burden.

We have held that "[a]n out-of-possession landlord's tort liability to third persons is subject *only* to the statutory provisions of OCGA § 44-7-14."[19] The Forshes's claim that the trial judge erred by not addressing their assertions regarding White's negligence under 42 USCS § 1437 presents no basis for reversal.

*Judgment reversed and case remanded. Ellington, C. J., concurs. Dillard, J., concurs fully as to Division 2 and concurs only in the judgment as to Division 1.*

---

3208, 8 (E.D.N.Y. 2010) ("The Supreme Court has held that '[t]he question whether Congress . . . intended to create a private right of action [is] definitively answered in the negative' where a 'statute by its terms grants no private rights to any identifiable class.'"), citing *Gonzaga Univ. v. Doe*, 536 U. S. 273, 283-284 (122 SCt 2268, 153 LE2d 309) (2002).

[19] *Ranwez*, supra (emphasis supplied).