**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2015**

# In the Court of Appeals of Georgia

 A15A0847. GUICE v. BROWN.

BRANCH, Judge.

James Michael Brown and Ellis Willard Guice, an employee of the City of Rockmart, were involved in a car accident. Brown sued Guice, and Guice moved for summary judgment on the ground that he was immune from suit under Georgia law. Guice now appeals the denial of his motion for summary judgment.[1] As shown below, we hold that the trial court erred by denying Guice's motion.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in

---

[1] Guice was authorized to pursue a direct appeal under the collateral order doctrine. See *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009).

the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

The principal facts are not in dispute. The record shows that on the day of the accident, Guice was installing stop signs in Rockmart as a part of his employment and that at the time, he was driving a city owned truck covered by the city's liability insurance policy. After Guice finished installing one sign located next to a private shopping center, Guice drove through the shopping center parking lot to begin his trip back to the Rockmart Public Works Department. He cut through the shopping center in order to avoid heavy traffic on the roads and at an intersection. After passing through the shopping center, Guice began to turn right out of the shopping center onto Georgia 278 West and to cross several lanes of traffic in an attempt to get into a left turn lane for the upcoming intersection with Georgia 101 South. As he did so, he was struck by a westbound vehicle driven by Brown; Guice did not see Brown's vehicle before the collision and does not know which of westbound lanes Brown was driving in at the time of the collision. Guice's employer testified that if an employee performed a criminal act or trespassed on private property, the city would not consider the employee to be acting within the scope of his employment at the time of

2

such an act. And Guice testified that no one gave him permission to cross the shopping center in order to get to Georgia 278.

After discovery, Guice moved for summary judgment contending that he was immune from suit and liability because he was acting within the scope of his employment at the time of the accident. The trial court initially granted the motion, finding that Guice was acting within the scope of employment, and it ordered Brown to add the City of Rockmart as a defendant. Following a subsequent hearing on a motion for contempt against Brown for failure to add Rockmart, the trial court vacated its earlier decision and held that there was a genuine issue of material fact for the jury; it therefore denied Guice's motion for summary judgment on the issue of immunity. Guice appeals from that order. He contends the trial court erred by denying his motion for summary judgment and by failing to follow the framework for analyzing the immunity issue provided in *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979).

Guice asserts immunity based on OCGA § 36-92-3 (a) which provides as follows:

> Any local government officer or employee who commits a tort involving
> the use of a covered motor vehicle while in the performance of his or her

official duties is not subject to lawsuit or liability therefor. Nothing in this chapter, however, shall be construed to give the local government officer or employee immunity from suit and liability if it is proved that the local government officer's or employee's conduct was not within the performance of his or her official duties.

OCGA § 36-92-3 (a). Thus, here, immunity depends on whether Guice was acting within the scope of his employment at the time of the accident. Brown contends that there is an issue of fact as to this question because Guice traveled across the private shopping center without permission and his employer stated that if Guice performed a criminal act or was trespassing on private property, the city would not consider Guice to be acting within the scope of his employment at the time; Brown also asserts that there is an issue of fact as to whether Guice's vehicle, at least partially, was still in the parking lot when the accident occurred. More specifically, Brown contends there is an issue of fact as to whether (1) Guice was criminally trespassing under OCGA § 16-7-21 (b) (1) at the time of the accident; (2) Guice was guilty of a misdemeanor under OCGA § 40-6-20 (e) for "disregard[ing]" the traffic signal that he avoided by driving through the shopping center; and (3) Guice acted in violation of a city ordinance and a Polk County ordinance by interfering with the private property of another by driving through the shopping center.

4

Pretermitting whether any possible violation of law resulting from Guice driving across the shopping center requires a conclusion that Guice was acting outside the scope of his employment at the time, as explained below, we hold that Brown has failed to present any evidence or legal authority for such a violation. We therefore need not consider whether there is an issue of fact as to whether the accident occurred fully on the roadway or while Guice was in the process of exiting the shopping center.

First, Brown's arguments based on the application of city and county ordinances are without merit.

> City and county ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State. The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof. . . . Neither the superior courts nor the appellate courts can adjudicate a claim or defense based on a city ordinance unless the ordinance has been properly presented.

*Whitfield v. City of Atlanta*, 296 Ga. 641, 641-642 (769 SE2d 76) (2015) (citations and punctuation omitted). See also *Younger v. Dunagan*, 318 Ga. App. 554, 556 (733 SE2d 81) (2012) ("Neither this court nor the trial court may take judicial notice of municipal ordinances[.]") (citation and punctuation omitted). Here, Brown failed to

5

introduce proper evidence of the city and county ordinances upon which he relies. Accordingly, any argument based thereon is without merit. Id. at 642.

Second, we find no authority in support of the contention that Guice violated OCGA § 40-6-20 (e), which provides as follows:

> The disregard or disobedience of the instructions of any official traffic-control device or signal placed in accordance with the provisions of this chapter by the driver of a vehicle shall be deemed prima-facie evidence of a violation of law, without requiring proof of who and by what authority such sign or device has been erected.

The plain language of the statute does not support Brown's claim that Guice violated the statute when he avoided an intersection by traveling through a shopping center. It cannot be said that by traveling through a shopping center, Guice disregarded or disobeyed a traffic signal since there is no evidence that he encountered one.

Finally, Brown contends that Guice was guilty of violating OCGA § 16-7-21 (b)(1), which provides that "[a] person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose[.]" Although Brown has shown that Guice entered upon the premises of a shopping center, Brown has not presented any evidence to show that Guice did so without authority or for an unlawful purpose.

First, Brown did not present testimony or other evidence to show that the owner of the shopping center prohibited such a use, such as that the owner posted signs prohibiting through traffic, or that the owner instructed Brown or anyone else not to do so. Thus, the simple fact that no one gave Guice authority to travel across the property on that specific occasion is irrelevant. Nor did Brown present any Georgia criminal law or other legal authority for the proposition that traveling across the shopping center without intent to shop there constitutes an unlawful purpose under the law. Second, as already explained, Brown has failed to present any evidence that Guice drove through the shopping center with an unlawful purpose. As explained, Brown has not shown that traveling through the shopping center to reach a road on the other side of the shopping center was unlawful in itself, and he has presented no other evidence to show that Guice had an unlawful purpose by doing so.

In short, Brown has failed to present any evidence or law sufficient to create an issue of fact as to whether Guice was driving in violation of law when he drove through the shopping center to avoid traffic. Accordingly, Brown's sole argument that Guice was acting outside the scope of employment at the time of the accident is without merit as a matter of law. All of the remaining evidence in the record shows that Guice was acting within the scope of employment at the time of the accident. The

7

trial court therefore erred by failing to grant Guice's motion for summary judgment on the ground that he was immune from suit and liability based on OCGA § 36-92-3. The decision below is reversed and the case remanded with direction to enter summary judgment in favor of Guice. Guice's second enumeration of error is mooted by our decision.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Miller, J., concur.*